**TROUTMAN PEPPER LOCKE LLP**
Tambry L. Bradford (SBN 223282)
Two California Plaza
350 South Grand Avenue
Suite 3400
Los Angeles, CA 90071
Telephone: 213.928.9805
Email: Tambry.Bradford@troutman.com

Robin P. Sumner (admitted *pro hac vice*)
Kyle A. Dolinsky (admitted *pro hac vice*)
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Telephone: 215.981.4000
Email: Robin.Sumner@troutman.com
Email: Kyle.Dolinsky@troutman.com

*Attorneys for Defendants*
CVS Pharmacy, Inc.,
Amneal Pharmaceuticals of New York, LLC, and
Amneal Pharmaceuticals LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CHERI LEONARD, *on behalf of herself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> CVS PHARMACY, INC., AMNEAL PHARMACEUTICALS OF NEW YORK, LLC, and AMNEAL PHARMACEUTICALS LLC, <br><br> Defendants. | Case No. 5:24-cv-06280 <br><br> **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING DECISION ON DEFENDANTS' MOTION TO DISMISS** <br><br> Date:    March 27, 2025 <br> Time:    9:00 a.m. <br> Judge:  Hon. Edward J. Davila <br> Crtrm:  4 |

## I. INTRODUCTION

Plaintiff Cheri Leonard's Opposition to the Motion to Stay Discovery (the "Opposition") (ECF 52) filed by Defendants CVS Pharmacy, Inc. ("CVS"), and Amneal Pharmaceuticals of New York, LLC, and Amneal Pharmaceuticals LLC (collectively, "Amneal") [1] fails to address Defendants' arguments in support of a stay in favor largely irrelevant arguments that misconstrue and misapply the applicable standard. Nothing in the Opposition weighs in favor of denying Defendants' Motion to Stay Discovery (the "Motion") (ECF 50).

First, Plaintiff argues that Defendants' Motion to Dismiss is not potentially dispositive of Plaintiff's entire case because the arguments raised by Defendants are "unavailing" and "unlikely to dispose of the entire case." As this Court has explained, "*likelihood of success is not the standard for a stay of discovery.*" *Muhmoud v. City of San Jose*, No. 20-cv-8808, 2022 WL 16855573, at *2 (N.D. Cal. Nov. 10, 2022) (emphasis added) (Davila, J.). The Court need determine only that the motion raises non-frivolous arguments that could potentially dispose of the whole case. In so doing, the Court considers the motion as a whole. No individual argument need be case dispositive alone.

Second, after appearing to concede that the Court *can* resolve the Motion to Dismiss without discovery, Plaintiff suggests jurisdictional discovery *may* be helpful *if* the Court grants the Motion to Dismiss. Plaintiff's arguments do not support allowing full discovery to proceed, nor do they meet the standard for limited jurisdictional discovery, which requires a showing of need to resolve contested *facts*.

Finally, Plaintiff attempts to paint the stay sought by Defendants—a short pause while the Court decides the pending Motion to Dismiss—as an unacceptable inefficiency. Both case law and the facts of this case make clear, however, that it would be far more burdensome and inefficient to conduct broad merits discovery in the face of the potentially case-dispositive Motion to Dismiss.

For the reasons set forth herein, the Court should grant Defendants' Motion.

---

[1] For ease of reference, CVS and Amneal will refer to all defendants collectively as "Defendants" when appropriate.

| REPLY ISO MOTION TO STAY DISCOVERY PENDING DECISION ON DEFENDANTS' MOTION TO DISMISS | - 1 - | CASE NO. 5:24-CV-06280 |

309159019v5

## II. ARGUMENT

### A. The *Pacific Lumber* Factors Weigh in Favor of a Stay

Courts may stay discovery when a potentially dispositive motion is pending and (1) the pending motion can dispose of the entire case, and (2) no additional discovery is needed to decide the motion. *See Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003). Applying that standard correctly, a stay is warranted here.

#### 1. Defendants' Motion to Dismiss is potentially case dispositive

With respect to the first prong of the *Pacific Lumber* test, Plaintiff argues that certain of Defendants' individual arguments are unlikely to succeed and are not case-dispositive. Both points misconstrue the legal standard and are factually incorrect.

As this Court has explained, "*likelihood of success is not the standard for a stay of discovery.*" *Muhmoud*, 2022 WL 16855573, at *2 (emphasis added). Rather, a stay of discovery is appropriate if there are non-frivolous arguments that are "*potentially* dispositive of the entire case." *Id.* (emphasis in original); *see also Arcell v. Google, LLC*, No. 22-cv-2499, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (Davila, J.). Contrary to Plaintiff's argument (ECF 52 at 3-4, 5-6), the Court may take a "preliminary peek" at the arguments in the Motion to Dismiss only to determine whether, *if granted*, the motion *could* dispose of the entire case. *Pacific Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003); *In re Nexus 6p Prod. Liab. Litig.*, No. 17-cv-2185, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017) (staying discovery pending motion to dismiss contesting personal jurisdiction).

Plaintiff mistakenly relies on a case that preceded *Pacific Lumber* by over a decade for the proposition that the Court must be "convinced that the plaintiff will be unable to state a claim for relief." (ECF 52 at 2 (citing *Twin City Fire Ins. Co. v. Employers Ins. of Wausau,* 124 F.R.D. 652, 653 (D. Nev. 1989).) But *Twin City* in turn quotes *Wood v. McEwen*, 644 F.2d 797 (9th Cir. 1981), which addressed a different issue: whether a court could *continue* an already-existing stay while plaintiff moved to file second, third, and fourth amended complaints. *See* 644 F.2d 799-800. *Wood*,

REPLY ISO MOTION TO STAY
DISCOVERY PENDING DECISION ON     - 2 -     CASE NO. 5:24-CV-06280
DEFENDANTS' MOTION TO DISMISS

1  and the line of cases relying on it, do not recite the applicable standard here; under the applicable

2  *Pacific Lumber* standard, it is enough for Defendants to show their motion *may* be case dispositive.

3  Moreover, while "a pending *motion* must be potentially dispositive of the entire case," no

4  particular *argument* need be case dispositive. *Pac. Lumber*, 220 F.R.D. at 352 (emphasis added).

5  In evaluating a stay request, the Court must look to whether all the arguments in the motion, taken

6  together, are potentially case dispositive:

> Google and Huawei move to dismiss the Consolidated Amended Complaint on different grounds. The Court is satisfied that the personal jurisdiction argument is potentially dispositive of the entire case as to Huawei. And the Court finds that Google's motion to dismiss could be potentially dispositive of the express warranty claims, which in turn would limit the scope of discovery. Defendants have satisfied their burden to obtain a limited stay of discovery in this case.

12  *In re Nexus 6p Prod. Liab. Litig.*, 2017 WL 3581188, at *2 (cleaned up).

13  Defendants' motion meets this standard. Amneal's personal jurisdiction argument is

14  potentially dispositive as to all claims against Amneal. Defendants' preemption argument is

15  potentially dispositive as to all claims against both Amneal and CVS (and, in fact, Defendants'

16  Motion to Dismiss makes separate preemption arguments specific to CVS (ECF 47 at 15)).

17  Although Defendants' Motion to Stay discusses personal jurisdiction and preemption as potentially

18  case-dispositive issues that together are enough to satisfy *Pacific Lumber*, Defendants put forth

19  several other arguments in their Motion to Dismiss, including lack of standing and failure to plead

20  facts necessary state a claim under Rule 12(b)(6) that, taken as a whole and in various permutations,

21  also would require dismissal of all of Plaintiff's claims. *See Muhmoud*, 2022 WL 16855573, at *2

22  (granting a stay where dispositive motions argued that plaintiff "failed to allege the necessary facts

23  for their respective category of claims and invoke[d] prosecutorial and qualified immunities").

24  For these reasons, Defendants have fully satisfied the first prong of the *Pacific Lumber* test,

25  and no further analysis of the merits of Defendants' Motion to Disimss is needed or appropriate.

*a.     Defendants' preemption arguments are not frivolous*

Whether an argument is "availing" and "likely to dispose of the entire case" has no place in the *Pacific Lumber* analysis, as explained above. But even if it did, Plaintiff's contention that Defendants' preemption arguments are "unavailing" and "unlikely to dispose of the entire case" is just wrong. As an initial matter, Courts can, and routinely do, dismiss claims on preemption grounds at the pleadings stage. *See, e.g., Puri v. Costco Wholesale Corp.*, No. 5:21-CV-01202-EJD, 2021 WL 6000078, at *5 (N.D. Cal. Dec. 20, 2021); *Sidhu v. Bayer Healthcare Pharms. Inc.*, No. 22-CV-01603-BLF, 2022 WL 17170159, at *6 (N.D. Cal. Nov. 22, 2022) (granting motion to dismiss without leave to amend based on federal preemption); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prod. Liab. Litig.*, No. 05-1699 CRB, 2006 WL 2374742, at *10 (N.D. Cal. Aug. 16, 2006) (granting motion to dismiss based on preemption with leave, but warning plaintiffs to replead only if they "in good faith believe they can amend their claims consistent with the Court's order").

The FDCA expressly preempts state law claims that impose requirements that are "different from," "in addition to," or "not identical with" those of federal law. 21 U.S.C. § 379r(a). As Defendants discuss in their Motion to Dismiss, FDA approved Defendants' products as formulated, as manufactured, and as labeled, and Plaintiff neither has pled, nor can plausibly plead, that Defendants' products are anything other than what Amneal submitted in the FDA-approved ANDA. (ECF 47 at 18-19.) Plaintiff attempts to avoid preemption by casting her claim as one that Amneal "simply could have used a different carbomer." (ECF 52 at 5). But the FDCA does not currently require a different carbomer, and Amneal cannot change the products without prior FDA approval. (ECF 47 at 10-12, 14, 19.) Because Plaintiff seeks to impose requirements "different from," "in addition to," or "not identical with" those of federal law, federal law preempts her claims.

In addition, Plaintiff makes the circular argument that her claims premised on violation of California's Sherman Law are not preempted because the Sherman Law imposes the same requirements as the FDCA. While the Sherman Law has been amended to incorporate the standards of the FDCA, *see Davidson v. Sprout Foods, Inc.*, 106 F.4th 842, 845 (9th Cir. 2024), as Defendants

| REPLY ISO MOTION TO STAY DISCOVERY PENDING DECISION ON DEFENDANTS' MOTION TO DISMISS | - 4 - | CASE NO. 5:24-CV-06280 |

1  explain in their Motion to Dismiss, Plaintiff's claims, as pled, either seek to impose obligations on
2  Defendants that conflict with what the FDCA requires and permits, or fail to plead violations of the
3  FDCA. (ECF 47 at 10-14, 18-19); *see also Howard v. Alchemee, LLC*, No. , 2024 WL 4272931, at
4  *8 (C.D. Cal. Sept. 19, 2024) (rejecting "Plaintiffs' argument that their claims are parallel to the
5  FDCA's general prohibition on misbranded drugs, which prohibits labels that are 'false or
6  misleading in any particular,'" when the warnings plaintiffs alleged were required differed from
7  "the exact warnings" required by the FDCA). Either way, Defendants' Motion to Dismiss is indeed
8  potentially dispositive of Plaintiff's claims premised on violations of California's Sherman Law.

9  Finally, Plaintiff attempts to distinguish *Federal National Mortgage Association v. 6955 N*
10 *Durango Trust*, 2018 WL 10468032, at *1 (D. Nev. Apr. 4, 2018), where the Court stayed
11 proceedings pending resolution of a motion to dismiss based on preemption, on the ground that the
12 preemption at issue in *Durango* "had nothing to do with FDA preemption." (ECF 50 at 6-7.) That
13 is a distinction without a difference. The question is whether Defendants' motion is potentially
14 case-dispositive; including but not limited to Defendants' preemption argument, it is.

15                     *b.     Amneal's personal jurisdiction argument is not frivolous*

16 Like with preemption, whether Amneal's argument that this Court lacks personal
17 jurisdiction over it is "availing" and "likely to succeed" has no bearing on the required stay analysis.
18 Amneal's argument, however, is not frivolous. In her Opposition, Plaintiff restates the allegations
19 in her Complaint (ECF 52 at 3) but ignores the controlling case law Defendants relied on in their
20 Motion to Dismiss that renders those allegations insufficient. *See, e.g.*, ECF 47 at 7-9 (citing, *e.g.*,
21 *Thomson v. Anderson*, 113 Cal. App. 4th 258, 268 (2003) (explaining that "designation of an agent
22 for service of process and qualification to do business in California alone are insufficient to permit
23 general jurisdiction"); *id* at 9 (explaining that mere foreseeability that a product will arrive in
24 California through the stream of commerce is not enough and citing *Bombardier Recreational*
25 *Prods., Inc. v. Dow Chem. Canada ULC*, 216 Cal. App. 4th 591, 602-03 (2013)).

26
27
28

1    Even if Plaintiff's arguments on the merits were relevant, which they are not, her argument
2    as to why she has plausibly pled specific personal jurisdiction over Amneal relies wholly on
3    *Digitech Image Techs., LLC v. Mamiya Digital Imaging Co.*, No. 8:12-CV-1675-ODW, 2013 WL
4    1415121, at *4 (C.D. Cal. Apr. 8, 2013). That case is distinguishable and inapposite on its face. In
5    *Digitech*, the manufacturer defendant listed the "California locations on its website where
6    consumers [could] purchase its products." *Digitech*, 2013 WL 1415121, at *1. Here, Amneal does
7    not advertise the products at issue as being for sale in California. Nor does Amneal market the
8    products on its website or even include them in its U.S. products catalog. (ECF 47 at 9-10; ECF 48
9    ¶ 11.) Amneal's relationship with its New York-based distributor is more like that in *Bombardier
10   Recreational Prods., Inc. v. Dow Chem. Canada ULC*, 216 Cal. App. 4th 591 (2013). As was the
11   case there, Amneal's involvement with the products ends at its distributor's facility in New York—
12   the distributor purchases the products from Amneal in bulk, repackages and relabels them with
13   various retailers' labels, and sells them to those retailers. (ECF 47 at 9; ECF 48 ¶ 9; ECF 48-1); *see
14   also Bombardier*, 216 Cal. App. 4th at 595.

15   Under the first *Pacific Lumber* prong, the Court need only determine whether the motion
16   has the potential to be case-dispositive. Here, Defendants' Motion to Dismiss is nonfrivolous, and
17   if the Court rules in Defendants' favor, their Motion to Dismiss is plainly dispositive of the entire
18   case. Defendants thus satisfy the first *Pacific Lumber* factor. *See Muhmoud*, 2022 WL 16855573,
19   at *2 ("Without opining on the merits of the Dispositive Motions, the Court finds that, if granted,
20   they would be dispositive of all claims in the FAC.").

21   **2.    Discovery is not necessary to decide Defendants' Motion to Dismiss**

22   With respect to the second prong of the *Pacific Lumber* test, Plaintiff sayw that further
23   discovery is not necessary to resolve Defendants' Motion to Dismiss but states that "if the Court
24   Disagrees," she is entitled to discovery "to confirm jurisdiction over the Amenal Entities" and so
25   she "may use the discovery to bolster her claims in [any] amended pleadings." (ECF 52 at 7.)

26
27
28   REPLY ISO MOTION TO STAY
     DISCOVERY PENDING DECISION ON          - 6 -              CASE NO. 5:24-CV-06280
     DEFENDANTS' MOTION TO DISMISS

1     To the extent Plaintiff is asking, she has not met the burden for jurisdictional discovery. Such discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir.1986). "[L]ittle more than a hunch that [discovery] might yield jurisdictionally relevant facts" is not enough to warrant jurisdictional discovery." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008); *see also Butcher's Union*, 788 F.2d at 540 ("In their brief, the Unions state only that they 'believe' that discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction. This speculation does not satisfy the requirement that they make 'the clearest showing' of actual and substantial prejudice [to show an abuse of discretion on appeal].").

Here, in an effort to establish personal jurisdiction, Plaintiff alleges that Amneal is registered to do business in California, has appointed an agent in California for service of process, and sells product to a distributor that maintains a distribution facility in California. (ECF 52 at 3.) Amneal does not contest those facts for purposes of its Motion to Dismiss, but rather maintains that they are not enough as a matter of law. In addition, Amneal has submitted a declaration and documents showing, unequivocally, that Amneal does not sell the products into California, Amneal does not market the products at issue on its website, and that the New York distributor to whom Amneal sells the products in bulk repackages, relabels, and has complete control over the sale and marketing of the products to retailers. (ECF at 9-10; ECF 48 ¶¶ 9, 11; ECF 48-1.)

Plaintiff has not identified any pertinent facts bearing on the question of jurisdiction that are controverted or in need of "a more satisfactory showing." The facts are not contested, and the Court can and should decide personal jurisdiction as a matter of law. *See Butcher's Union*, 788 F.2d at 540; *Boschetto*, 539 F.3d at 1020; *Mauricio v. Suncrest Health Servs.*, LLC, No. 22-cv-2698, 2023 WL 20266530, at *3 (N.D. Cal. Feb. 15, 2023) (Davila, J.) (rejecting jurisdictional discovery when "[t]he commanding weight of the evidence" pointed against a finding of

jurisdiction and a "request for jurisdictional discovery on these facts is 'based on little more than a hunch that it might yield jurisdictionally relevant facts'" (quoting *Boschetto*, 539 F.3d at 1020)).

Indeed, Plaintiff's purported justification for jurisdictional discovery is, at best, just an insufficient "hunch" that she might obtain facts she could use to amend her complaint. For example, Plaintiff's Opposition states that "[a]fter Plaintiff obtains documents from PLD and discovery from Defendants, there would be a *potential need* for further amendments to the complaint. Because the *potential* for an amended pleading exists and several of Plaintiff's discovery requests are directly related to . . . personal jurisdiction . . . Plaintiff *may* use the discovery to bolster her claims in those amended pleadings." (ECF 52 at 7 (emphasis added).) This is plainly insufficient.

Plaintiff also contends that Defendants have undermined their own argument by submitting a declaration and exhibits regarding personal jurisdiction with their Motion to Dismiss. In doing so, Plaintiff again fails to identify any fact "in need of a more satisfactory showing," which is the standard, and overlooks that courts can consider evidence presented in affidavits and declarations when analyzing motions to dismiss for lack of personal jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *Smith v. Facebook, Inc.*, 262 F. Supp. 943, 949 (N.D. Cal. 2017) (Davila, J.); *Fitzgerald v. GEM Funding, LLC*, No. 5:21-cv08641-EJD, 2022 WL 4537881, at *2 (N.D. Cal. Sept. 28, 2022) (Davila, J.).

Finally, even if Plaintiff had made a showing to support limited jurisdictional discovery, which she has not, such showing would not justify the broad merits discovery that Plaintiff intends to pursue—and in fact has already served on Defendants—while Defendants' Motion to Dismiss is pending. To the extent any discovery is allowed, which it should not be, that discovery should be narrowly tailored to resolving contested facts necessary to decide personal jurisdiction.

**B.    Engaging in Discovery Before the Court Decides Defendants' Motion to Dismiss Would Be Inefficient and Highly Burdensome**

Finally, Plaintiff argues that discovery should proceed because (a) if the Motion to Dismiss is granted, "the only subject of discovery that would change is jurisdictional discovery"; (b) even

| REPLY ISO MOTION TO STAY DISCOVERY PENDING DECISION ON DEFENDANTS' MOTION TO DISMISS | - 8 - | CASE NO. 5:24-CV-06280 |

if some of Plaintiff's claims are preempted, her "claims under the UCL will remain and therefore, the need for discovery would not be altered"; (c) Plaintiff has unilaterally determined that because her discovery is not burdensome, it should be permitted to proceed; and (d) discovery is necessary to permit the efficient resolution of this case. (ECF 52 at 8-9.) Each of these arguments fails.

First, Plaintiff again ignores the fact that Defendants are moving to dismiss on several grounds as to all Defendants. (*See, e.g.*, ECF 52 at 7-9 (listing issues for the Court to decide).) Therefore, Plaintiff is simply incorrect when she states that the claims against CVS would necessarily proceed even if Amneal is not subject to jurisdiction in California. The same is true with respect to Plaintiff's UCL claims, which Defendants contend Plaintiff inadequately pled and, as discussed above, are in fact subject to preemption.

Second, Plaintiff cites no law for the proposition that the party propounding discovery can unilaterally determine their discovery is not burdensome. (ECF 52 at 8-9). Plaintiff's attempt to distinguish *Arcell v. Google LLC*, 5:22-CV-02499-EJD, (N.D. Cal. Oct. 31, 2022), on the grounds that it was an antitrust suit is futile. (ECF 52 at 8). This Court stayed discovery in *Arcell* because it imposed an unnecessary burden on the defendants while a dispositive motion was pending. *See Arcell*, 2022 WL 16557600, at *1 (explaining that "[t]he purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery"). Here, as in *Arcell*, Plaintiff has propounded burdensome discovery in a complex case while a case-dispositive motion is pending. Indeed, Plaintiff has already served extraordinarily broad merits discovery requests on both Amneal and CVS. *See* Concurrently filed Declaration of Robin P. Sumner Exs. 1-3. These discovery requests include 13 to 15 interrogatories to each Defendant and 35 to 36 requests for production of documents to each Defendant (*i.e.*, 106 document requests total). *See id.* The discovery requests seek, among other things, sales records, product formulation and testing documents, documents on the carbomer used in the products, government communications, communications with distributors and repackagers, abbreviated new drug applications, communications between the Defendants, and all documents that Defendants plan to

REPLY ISO MOTION TO STAY
DISCOVERY PENDING DECISION ON            - 9 -            CASE NO. 5:24-CV-06280
DEFENDANTS' MOTION TO DISMISS

introduce at class certification or at trial. *See id.* This is exactly the type of "broad, time-consuming and expensive" discovery that this Court found merited a stay in *Arcell*. *See* 2022 WL 16557600, at *1.

Finally, Plaintiff suggests that a short pause in discovery will impede efficient resolution of this case. (ECF 52 at 8-9). Plaintiff's reliance on the deadline for class certification assumes that this Court will deny the Motion to Dismiss and is contrary to the law in this District, which encourages stays until potentially case-dispositive motions are resolved. In addition, while Plaintiff attempts to rely on the Court's referral to mediation to suggest a need for full discovery, that mediation is not scheduled to occur until after Plaintiff pleads claims that withstand a motion to dismiss and Defendants answer. That provides more than enough time to exchange the information needed to engage in early mediation. The precise point of scheduling mediation early is to see if the parties can resolve the case before incurring the extraordinary expense of litigation, particularly expenses associated with discovery and class certification experts. Saving the parties the burden and expense of broad merits discovery, as well as the Court's resources in overseeing such discovery, when the Court may well dismiss the entire case, is far more efficient than the alternative and outweighs any potential delay or possible slight amendment to the Case Management Order (if necessary) to account for the time it takes the Court to rule on Defendants' Motion to Dismiss.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court stay discovery until the Court rules on Defendants' pending Motion to Dismiss.

Dated: March 13, 2025

TROUTMAN PEPPER LOCKE LLP

By: */s/ Robin P. Sumner*
    Robin P. Sumner (admitted *pro hac vice*)
    Kyle A. Dolinsky (admitted *pro hac vice*)
    *Attorneys for Defendants*
    CVS Pharmacy, Inc.
    Amneal Pharmaceuticals of New York, LLC, and
    Amneal Pharmaceuticals LLC