United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHERI LEONARD,<br><br>    Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC., et al.,<br><br>    Defendants. | Case No. 5:24-cv-06280-EJD<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY PENDING MOTION TO DISMISS**<br><br>Re: Dkt. No. 50 |

Defendants CVS Pharmacy, Inc. ("CVS"), Amneal Pharmaceuticals of New York, LLC, and Amneal Pharmaceuticals LLC (collectively, "Amneal") (all together, "Defendants") move to stay discovery pending resolution of their motion to dismiss ("MTD"). Mot. to Stay, ECF No. 50; MTD, ECF No. 47. Plaintiff Cheri Leonard ("Plaintiff") filed an opposition, and Defendants filed a reply. Opp'n, ECF No. 52; Reply, ECF No. 55.

Upon careful review of the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-9(b). For the reasons explained below, the Court **GRANTS** Defendants' motion to stay discovery pending resolution of the MTD.

I.   **BACKGROUND**

Plaintiff brings five causes of action alleging that Defendants misbranded, contaminated, and illegally sold over-the-counter guaifenesin products: (1) breach of the implied warranty of merchantability, (2) unjust enrichment, (3) fraud, (4) a violation of California's Consumer Legal Remedies Act, and (5) a violation of California's Unfair Competition Law. First Am. Compl. ("FAC"), ECF No. 33. On February 4, 2025, the Court entered a Case Management Order, in which it issued a case schedule including discovery deadlines. Order, ECF No. 44. Around two weeks later, Defendants filed the MTD and present motion to stay discovery. The MTD seeks

Case No.: 5:24-cv-06280-EJD
ORDER GRANTING MOTION TO STAY DISCOVERY PENDING MOTION TO DISMISS
1

dismissal of all claims due to lack of personal jurisdiction, preemption, failure to state a claim under Rule 12(b)(6), and lack of standing. The MTD is set for hearing on June 12, 2025.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides that a court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Although a district court has the discretion to stay discovery for good cause, *id.*, the Federal Rules of Civil Procedure "do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).

"Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion." *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *2 (N.D. Cal. Apr. 10, 2020) (collecting cases). "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed.[1] Second, the court must determine whether the pending dispositive motion can be decided absent additional discovery." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003). A court may determine that staying discovery pending a ruling on a dispositive motion is warranted "when dispositive motions raise issues of jurisdiction, venue, or immunity." *Tradebay*, 278 F.R.D. at 601.

## III.  DISCUSSION

The Court finds Defendants have satisfied both *Pacific Lumber* factors. On the first factor, Defendants have filed a motion to dismiss, raising arguments regarding personal jurisdiction over Amneal, preemption, failure to state any claim under Rule 12(b)(6), and standing. ECF No. 47. If the Court grants Defendants' motion in its entirety, it will dispose of all claims. This is sufficient

---

[1] Plaintiff contends that the Court must also be "convinced that the plaintiff will be unable to state a claim for relief." Opp'n at 2 (citing *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)). This is a misunderstanding of the standard. As Defendants highlight, *Twin City* was decided over a decade prior to *Pacific Lumber* and quotes *Wood v. McEwen*, 644 F.2d 797, 799–800 (9th Cir. 1981), which addressed a different issue regarding whether to continue an existing stay while the plaintiff moved to file several amended complaints.

Case No.: 5:24-cv-06280-EJD
ORDER GRANTING MOTION TO STAY DISCOVERY PENDING MOTION TO DISMISS
2

1  to meet the first factor.  The Court finds Plaintiff's arguments to the contrary unpersuasive.

2  Plaintiff primarily contends that Defendant has not met this factor because the MTD is unlikely to

3  succeed, but likelihood of success is not the standard for a stay of discovery.  Plaintiff also argues

4  that, if granted, Defendant's motion would not be dispositive of the entire case because

5  Defendants' personal jurisdiction arguments pertain only to Amneal, and Plaintiff's claim under

6  California's Sherman Law is shielded from preemption.  However, even if true, Plaintiff neglects

7  to address the remaining arguments that would dispose of the entire case, i.e., arguments that the

8  FAC fails to state any claim under Rule 12(b)(6), and arguments that Plaintiff lacks a cognizable

9  injury to establish standing.

10  Regarding the second *Pacific Lumber* factor, the Court finds no discovery is needed to

11  decide the pending MTD.  Plaintiff concedes that the MTD can be resolved without discovery, but

12  argues that, if the Court grants the motion as to personal jurisdiction, she may need discovery into

13  the jurisdictional issues to bolster the amended complaint.  However, the utility of the discovery

14  later in litigation is not relevant to the Court's present analysis, and Plaintiff has not identified any

15  controverted facts bearing on the question of jurisdiction at this time.  *See Boschetto v. Hansing*,

16  539 F.3d 1011, 1020 (9th Cir. 2008) (finding that "little more than a hunch that [discovery] might

17  yield jurisdictionally relevant facts" is not enough to warrant jurisdictional discovery).

18  Because the MTD may potentially dispose of the entire case and resolution of the MTD

19  does not require any further discovery at this time, the Court finds that there is good cause to stay

20  discovery pending the resolution of the MTD.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion to stay discovery pending resolution of the MTD.

**IT IS SO ORDERED.**

Dated: May 1, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:24-cv-06280-EJD
ORDER GRANTING MOTION TO STAY DISCOVERY PENDING MOTION TO DISMISS
3